UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MICHAEL A. OGLE,

    Plaintiff,

v.                                      No. 2:14-cv-325-RLJ

CHUCK PITTMAN, ED GRAYBEAL,
MARCUS BALL, LIEUTENANT
LOWE, OFFICER ANTHONY
TESTER, SGT. CORNETT, OFFICER
DRAPER, OFFICER PIERCE, MAJOR
DOWNES, INMATE DUGGER,
CURTES, JAMES VAUGHT, *et al.*,

    Defendants.

## MEMORANDUM

This *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 was filed originally in the Northern Division of this district and was transferred to this Court, following the dismissal of certain defendants and claims which accrued in Knoxville, Tennessee.[1] The Court has pieced together the claims asserted against the remaining defendants from the confusingly-pled complaint.

---

[1] Since that dismissal, plaintiff has been held to fall within the scope of the 3-strikes rule in 28 U.S.C. § 1915(g), which requires a prisoner to pay the full filing fee if he has had three prior civil cases dismissed in federal court for failure to state a claim, for being frivolous or malicious, or for suing defendants who enjoy immunity. *See Ogle v. Pittman*, No. 3:14-cv-521-TAV-CCS (E.D. Tenn. filed Oct. 31, 2014). Plaintiff was granted leave to proceed *in forma pauperis* in this action.

As the Court interprets plaintiff's pleading, he is alleging that he was housed in the Washington County Detention Center in 2010 and subjected to unconstitutional conditions of confinement. Among those claimed unconstitutional conditions to which he was exposed are: 1) being locked down 22 hours every day; 2) being placed in punitive isolation for 3 to 4 months, after he was accused of an escape attempt (though he really did not try to escape); 3) being allowed to go outside very few times because inmates were not permitted to go outdoors when it was too cold (plaintiff believes this is a choice best left to inmates themselves); 4) being denied sunlight; 5) being furnished with bad-tasting drinking water, which contained impurities and large amounts of chlorine and fluoride; and 6) having toilets in the cell located five feet from his head.

These conditions, so plaintiff maintains, amount to cruel and unusual punishment in violation of the Eighth Amendment and warrant injunctive and monetary relief. Unfortunately for plaintiff, he fails to state a claim for § 1983 relief based on his untimely filing and his case will be dismissed on that ground.

For the purposes of 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of claims. *Wilson v. Garcia*, 471 U.S. 261, 268-69 (1985), *superseded by statute on other grounds as recognized in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 377-80 (2004). The one-year statute of limitations period contained in Tenn. Code Ann. § 28-3-104(a) applies to civil rights claims arising in Tennessee. *See Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986); *see also Porter v. Brown*, 289 F. App'x. 114, 116, 2008 WL 3838227, at *2 (6th Cir. 2008) ("[O]ur precedent has long made clear that the limitations period for § 1983 actions arising in Tennessee is the one-

2

year limitations provision found in Tenn. Code Ann. § 28-3-104(a)."). The statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *See Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984).

Under the prisoner "mailbox rule," this action was filed on September 22, 2014, the day plaintiff signed the complaint (Doc. 2 at 5). *Houston v. Lack*, 487 U.S. 266, 271 (1988) (deeming a prisoner's action to be filed on the date that it is properly delivered to the prison officials pursuant to the prison's established procedure for prisoners' mail); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (noting that the signing date on a *pro se* prisoner's pleading will be deemed to be the filing date, unless there is evidence to the contrary).

Therefore, since the applicable statute of limitations began to run on plaintiff's claims at the latest on January 1, 2010, and since this action was not filed until September 22, 2014, well beyond the one-year period permitted for the filing of such actions, the plaintiff's allegations concerning the housing conditions at the Washington County Detention Center are barred by the statute of limitation. Claims which are barred by the statute of limitations may be dismissed for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (noting that "[i]f the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . "). And, such claims are also frivolous. *See Dellis v. Corr. Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001).

Because plaintiff's claims against defendants are clearly time-barred, an order will enter dismissing this lawsuit for failure to state a claim and as frivolous. Finally, for

3

reasons discussed in the memorandum, the Court **CERTIFIES** that any appeal from this order would not be taken in good faith and would be frivolous. 28 U.S.C. § 1915(a)(3).

**A separate order will enter.**

**ENTER:**

_____
LEON JORDAN
UNITED STATES DISTRICT JUDGE